UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01946-CAS-ASx | Date | May 14, 2026 |
|---|---|---|---|
| Title | United States of America v. Regents of The University of California | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PROSPECTIVE INTERVENOR PLAINTIFFS' NOTICE OF MOTION AND MOTION TO INTERVENE AS PLAINTIFFS (Dkt. 22, filed on April 14, 2026)

## I.   INTRODUCTION

The Court finds the present motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On February 24, 2026, plaintiff the United States of America ("Government") filed this action against the Regents of the University of California ("Regents" or the "UC"). Dkt. 1 ("Compl."). Plaintiff asserts six claims for relief: (1) pattern or practice of discrimination in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1); (2) hostile work environment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), on behalf of Professor Ian Holloway ("Holloway"); (3) retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, on behalf of Holloway; (4) hostile work environment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), on behalf of Professor Kamran Shamsa ("Shamsa"); (5) retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, on behalf of Shamsa; and (6) hostile work environment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), on behalf of other aggrieved individuals. Id.

On April 14, 2026, prospective intervenor plaintiffs, Kira Stein, Vivien Burt, Nir Hoftman, Ian Holloway, Sarah Blenner, Kamran Shamsa, and Ron Avi Astor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01946-CAS-ASx | Date | May 14, 2026 |
|----------|----------------------|------|--------------|
| Title | United States of America v. Regents of The University of California | | |

(collectively, "Intervenor Plaintiffs"), filed the instant motion to intervene as plaintiffs in this lawsuit. Dkt. 22 ("Mot."). The prospective intervenor plaintiffs state that counsel for the United States has advised that the United States does not oppose the motion. Dkt. 22-1 ¶ 5. On April 27, 2026, Regents filed a statement of non-opposition to the motion. Dkt. 48.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A party may intervene pursuant to Federal Rule of Civil Procedure 24 either as of right, or with permission of the Court. "A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). A party who satisfies each of these requirements must be permitted to intervene. Id.

By contrast, "[a] motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). The Ninth Circuit has set forth three prerequisites that an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

**III.    DISCUSSION**

Before the Court is a motion to intervene filed on behalf of Dr. Kira Stein, Dr. Vivien Burt, Dr. Nir Hoftman, Dr. Ian Holloway, Director Sarah Blenner, Dr. Kamran Shamsa, and Dr. Ron Avi Astor. Dkt. 22. Each of them is a Jewish faculty member or employee at UCLA who has allegedly been subjected to the same discriminatory conduct alleged by the United States in its complaint. Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01946-CAS-ASx | Date | May 14, 2026 |
|---|---|---|---|
| Title | United States of America v. Regents of The University of California | | |

The intervenor plaintiffs argue that they are entitled to intervene as a matter of right under Rule 24 because Title VII expressly provides aggrieved employees the right to intervene in civil actions brought by the U.S. Equal Employment Opportunity Commission ("EEOC") or the United States. Id. at 11 (citing 42 U.S.C. § 2000e-5(f)(1)). They argue that they are aggrieved parties who have filed charges of discrimination with the EEOC and, except for Drs. Holloway and Shamsa, have received right-to-sue letters from the EEOC,[1] and that they allege claims that are identical or nearly identical to those asserted in the United States' complaint. Id. at 12. Drs. Holloway and Shamsa are already specifically named as representative aggrieved parties in the United States' complaint. Id. Moreover, the intervenor plaintiffs argue that their motion is timely because litigation is in its earliest stages, because no party would be prejudiced by granting intervention, and because intervenor plaintiffs have been diligent and have not delayed filing their motion. Id. at 13.

The intervenor plaintiffs also argue that they have a right to intervene under Rule 24(a)(2) because they may suffer an "impaired interest" if intervention is denied. Id. at 14. They argue that they have a sufficient interest in the subject matter of the instant action; that there is a potential that their interests will be impaired if intervention is denied, given the common questions of law and fact between intervenor plaintiffs' proposed complaint and the United States' complaint; and that the United States may not adequately represent their interests because the "United States' lawsuit seeks to vindicate the rights of the broader class of Jewish and Israeli faculty at [UCLA]," whereas "each of the Intervenor Plaintiffs have suffered distinct, individualized harms arising from their unique circumstances, professional positions, and personal experiences with discrimination." Id. at 16. Given these distinct interests, intervenor plaintiffs argue that the United States may have a greater incentive to compromise or settle a claim than the intervenor plaintiffs would be, and that their proposed claims under California state law may provide defenses and permit remedies that are not available under the United States' complaint, which asserts only Title VII claims. Id. at 17.

Intervenor plaintiffs further argue that permissive intervention under Rule 24(b) is warranted because the Court has independent grounds for jurisdiction over their claims (which include federal Title VII claims), because the motion is timely, and because their

---

[1] Intervenor plaintiffs also state that they have exhausted their administrative remedies and by filing timely charges of discrimination with the EEOC. Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01946-CAS-ASx | | Date | May 14, 2026 |
|---|---|---|---|---|
| Title | United States of America v. Regents of The University of California | | | |

proposed complaint shares common question of law and fact with the United States' complaint in this action.  Id. at 18-19.

The United States does not oppose intervenor plaintiffs' motion.  Mot. at 6. Defendant Regents does not oppose the motion, either.  Dkt. 48.

The Court grants the intervenor plaintiffs' motion because intervenor plaintiffs are entitled to intervene as a matter of right under Rule 24(a)(1).  Rule 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who … is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  Here, intervenor plaintiffs' motion is timely.  Litigation of this action is in its earliest stages[2], permitting intervention would not prejudice other parties, and intervenor plaintiffs have not delayed in filing their motion.  See United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004) ("Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.").

Intervenor plaintiffs have an unconditional right to intervene by federal statute. Title VII provides that "[t]he person or persons aggrieved [by an employer] *shall* have the right to intervene in a civil action brought by the [EEOC] or the Attorney General[3] … [against the employer]."  42 U.S.C. § 2000e–5(f)(1) (emphasis added).  A "person claiming to be aggrieved [is one] … alleging that an employer … has engaged in an unlawful employment practice."  42 U.S.C. § 2000e–5(b).  Here, intervenor plaintiffs are "aggrieved" persons under Title VII because they allege that their employer, Regents, "has engaged in … unlawful employment practice[s]" that are the subject of the United

---

[2] No answer has been filed, no discovery has been propounded, no scheduling order has been entered, and no trial date has been set.

[3] As is the case here, "the Attorney General … may bring a civil action against [an employer] in the appropriate United States district court" if the employer is "a government, governmental agency, or political subdivision" and "if the [EEOC] has been unable to secure from the [employer] a conciliation agreement acceptable to the [EEOC]."  See 42 U.S.C. § 2000e–5(f)(1).  By contrast, when the employer is not a government, governmental agency, or political subdivision, the EEOC may bring a civil action against the employer.  See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01946-CAS-ASx | Date | May 14, 2026 |
|---|---|---|---|
| Title | United States of America v. Regents of The University of California | | |

States' instant civil action against Regents. See 42 U.S.C. § 2000e–5(b); dkt. 22-2 (intervenor plaintiff's proposed complaint). Accordingly, Title VII grants intervenor plaintiffs an unconditional right to intervene in this federal lawsuit brought by the United States against Regents. See Chandler v. Roudebush, 425 U.S. 840, 847 (1976) (Under Title VII, "[t]he individual complainant retains the right to intervene in suits brought by the EEOC or the Attorney General."); see also Equal Emp. Opportunity Comm'n v. WirelessComm Inc., No. 5:11-CV-04796 EJD, 2012 WL 1711040, at *1 (N.D. Cal. May 15, 2012) ("Title VII of the Civil Rights Act gives the applicants an unconditional right to intervene in a federal law suit brought against defendant by the EEOC."); Equal Emp. Opportunity Comm'n v. Thompson, No. CIV. 03-64-HA, 2003 WL 23538025, at *2 (D. Or. July 15, 2003) (same); Equal Emp. Opportunity Comm'n v. GIPHX10 LLC, Case No. 2:20-CV-01369-RAJ-BAT, 2021 WL 871389, at *1 (W.D. Wash. Mar. 9, 2021) (same).

## IV.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the intervenor plaintiffs' motion.

The Court **VACATES** the hearing scheduled for May 18, 2026.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |