ADAM KARR (S.B. #212288)
akarr@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2811
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

K. LEE BLALACK II (*pro hac vice*)
lblalack@omm.com
MEAGHAN VERGOW (*pro hac vice*)
mvergow@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

NATASHA W. TELEANU (*pro hac vice*)
nteleanu@omm.com
JENNIFER SOKOLER (*pro hac vice*)
jsokoler@omm.com
ANTON METLITSKY (*pro hac vice*)
ametlitsky@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendant*
*The Regents of the University of California*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant.

Case No. 2:26-cv-01946-CAS-AS

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE UNITED STATES' COMPLAINT AND THE INTERVENOR PLAINTIFFS' FIRST AMENDED COMPLAINT**

Judge: Hon. Christina A. Snyder
Courtroom: 8D
Hearing: February 1, 2027, 10:00 a.m.

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 1, 2027, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Christina A. Snyder, in Courtroom 8D of the above-titled Court, located at 350 West First Street, Los Angeles, California 90012, Defendant The Regents of the University of California ("Defendant") will and hereby moves the Court to dismiss the Complaint filed by Plaintiff the United States of America (the "Federal Government"), ECF No. 1 ("U.S. Compl."), and hereby moves the Court to dismiss certain portions of claims in the Intervenor Plaintiffs' First Amended Complaint, ECF No. 74 ("IPAC").

The Federal Government brings six claims. In Count I, the Federal Government brings a pattern-or-practice claim under Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). U.S. Compl. ¶¶ 286–99. Counts II and IV bring Title VII hostile-work-environment claims on behalf of Drs. Ian Holloway and Kamran Shamsa, respectively. *Id.* ¶¶ 300–03, 306–09. Counts III and V likewise bring retaliation claims under Section 704(a) of Title VII on behalf of Drs. Holloway and Shamsa. *Id.* ¶¶ 304–05, 310–11. In Count VI, the Federal Government brings a hostile-work-environment claim on behalf of a putative class of other aggrieved individuals under Section 703(a)(1) of Title VII. *Id.* ¶¶ 312–15. The Federal Government's Complaint seeks injunctive relief and damages. *Id.*, Prayer for Relief ¶¶ 316–24.

The Intervenor Plaintiffs ("IPs") bring five claims. Count I brings a hostile-work-environment claim under Title VII on behalf of all IPs. *See* IPAC ¶¶ 446–60. Count II asserts a retaliation claim under Title VII on behalf of Drs. Ian Holloway and Ron Avi Astor, *see id.* ¶¶ 461–73; Count V asserts a similar retaliation claim on behalf of Drs. Holloway and Astor under California's Fair Employment and Housing Act (FEHA), *see id.* ¶¶ 510–21. In Count III, the IPs bring a harassment claim under FEHA, alleging that they experienced a hostile work environment and that the

University of California, Los Angeles ("UCLA") was negligent in its response to third-party harassment. *Id.* ¶¶ 474–89. Count IV brings a claim under FEHA for failure to prevent discrimination and/or harassment. *Id.* ¶¶ 490–509. The IPAC seeks injunctive and declaratory relief, compensatory damages, and punitive damages. *See id.*, Prayer ¶¶ A–H.

As explained in greater detail in the accompanying and consolidated Memorandum of Points and Authorities, the Federal Government and the IPs lack standing to seek injunctive relief under Title VII. Even if the Federal Government and the IPs had standing, the Federal Government's Complaint fails to plausibly allege a pattern or practice of discrimination because the Complaint fails to allege that UCLA engaged in intentional discrimination as is required under the circumstances of this case; even if negligence could suffice, the Federal Government's allegations that UCLA was negligent in its response to third-party harassment on campus are insufficient as a matter of law; and the Complaint otherwise fails to plausibly allege that Jewish or Israeli UCLA employees generally would find their work environment to be hostile. The Federal Government Complaint's individual hostile-work-environment claims brought on behalf of Drs. Holloway and Shamsa also fail for several reasons, including that under well-settled agency principles UCLA is not liable for the conduct of third-party protestors, and because much of the purported harassment occurred outside the relevant workplaces. The retaliation claims brought by the Federal Government on behalf of Drs. Holloway and Shamsa also fail as a matter of law because they fail to allege cognizable adverse employment actions, and even if they did, the allegations fail to establish any nexus to protected activity. The claims brought on behalf of Dr. Shamsa are separately precluded by a release he signed to settle materially identical allegations in a separate lawsuit. The Federal Government's pattern-or-practice claim is also defective because Title VII pattern-or-practice claims brought by the Attorney General require intentional discrimination, and here the Federal

Government's Complaint contains no well-pleaded allegations that UCLA intentionally discriminated against Jewish or Israeli employees. Finally, the Federal Government's claim brought on behalf of a class of other aggrieved individuals fails because the Complaint fails to identify a cognizable class, and because it fails to advance individualized allegations that these unnamed employees experienced severe or pervasive harassment.

Additionally, Defendant's consolidated Motion seeks dismissal of certain portions of claims contained in the IPAC. Count I of the IPAC, which alleges a hostile work environment under Title VII, *see* IPAC ¶¶ 446–60, should be dismissed as to Drs. Shamsa and Holloway for the same reasons that the Federal Government's claims on their behalf fail. The Title VII claims of IPs Drs. Kira Stein and Vivian Burt should be dismissed because they were not employees and thus not covered under Title VII. Count II, which alleges retaliation under Title VII, *see id.* ¶¶ 461–73, should be dismissed as to Dr. Holloway because the IPAC fails to allege that Dr. Holloway experienced any cognizable adverse employment action. Count III, which brings a claim for harassment under FEHA, *see id.* ¶¶ 474–89, should be dismissed as to Dr. Shamsa and Dr. Holloway, neither of whom alleges cognizable harassment in the workplace, and Dr. Burt, who was neither a covered employee nor a volunteer within the reach of FEHA's provisions. Count IV—which brings a FEHA claim for failure to prevent discrimination and/or harassment, *see id.* ¶¶ 490–509—should be dismissed as to all IPs insofar as the claim is predicated on discrimination, because these claims necessarily require an underlying claim of discrimination that the IPs do not plead. And Count V, which alleges retaliation under FEHA, *see id.* ¶¶ 510–21, should be dismissed as to Dr. Holloway for the same reasons that he cannot state a claim for retaliation under Title VII. As noted above, the IPs also lack standing to seek injunctive relief.

Defendant's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed

declarations and exhibits, the accompanying Request for Judicial Notice and related exhibits, the pleadings in this action, and such other materials and evidence as may be presented to the Court. The Motion is made following the conference of counsel pursuant to C.D. Cal. Civil Local Rule 7-3, which took place by videoconference on October 19, 2026.

Dated: October 26, 2026

Respectfully submitted,

By: */s/ Adam Karr*

Adam Karr

*Attorney for Defendant*